# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MELISSA HIRTHE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 16-cv-1385 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Melissa Hirthe is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Alliance One Receivables Management, Inc. ("AOR") is a debt collection agency with its principal place of business located at 4850 E Street Road, Suite 300, Trevose, PA 19053.

6. AOR is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. AOR is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. AOR is a debt collector as defined in 15 U.S.C. § 1692a.

### FACTS

8. On or about January 29, 2016, AOR mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to TD Bank USA, N.A. ("TD Bank"). A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

9. The debt referenced in <u>Exhibit A</u> was a personal, Target-branded credit card account that Plaintiff opened and used only for personal, family or household purposes, including but not limited to the purchase of goods and services for personal use.

10. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by AOR to attempt to collect alleged debts.

12. <u>Exhibit A</u> was the first letter that AOR sent to Plaintiff with respect to Plaintiff's alleged TD Bank debt.

13. <u>Exhibit A</u> contains multiple contradictory and confusing statements of the amount that AOR was attempting to collect from Plaintiff – the "amount of the debt." 15 U.S.C. § 1692(a)(1).

14. <u>Exhibit A</u> contains the following text:

2

> Our Client, TD Bank USA, N.A., has referred your Target Credit Card account to our office. All further communication should be directed to this office. Any correspondence for this account should be mailed to 4850 Street Rd. Suite 300, Trevose, PA 19053.
>
> The full balance as of January 29, 2016 is $3190.30.
>
> Payment of $387.00 by 02/25/2016 will bring your account current and will stop collections on the account.

15. However, Exhibit A also contains multiple statements that the unsophisticated consumer would interpret to mean that AOR is collecting the entire balance of the Target credit card, not just the $387.00 that was allegedly delinquent.

16. The section immediately after the language identified in paragraph 14 states as follows:

Alternatively, you may mail the *balance in full* to Target Card Services at the address provided below.

(emphasis added).

17. The alleged debt here is an unsecured credit card account. Upon information and belief, TD Bank, the issuer of Target-branded credit cards, would accept any payment of any amount at any time on Plaintiff's account.

18. Exhibit A also states:

> As of the date of this letter, you owe $3190.30. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.

19. Further, Exhibit A instructs the consumer to "Detach Bottom Portion And Return With Payment", and includes a scissors graphic and a dashed-line to indicate the edge of the "bottom portion."

20. The bottom portion of Exhibit A states that the "Balance" of the debt is "$3190.30."

21. The Seventh Circuit held in *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 840 (7th Cir. 2007), that "only the past due amount, the amount owed [to the debt collector],

3

can be the 'amount of the debt' under § 809(a)(1)." If AOR is truly collecting only the past-due amount of $387.00, it need only state that amount in the letter.

22. The different amounts on Exhibit A render Exhibit A confusing to the unsophisticated consumer, who would not be able to determine, or would be confused as to, which amount AOR was actually attempting to collect.

23. Plaintiff was confused by Exhibit A.

24. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute,"

(quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. AOR represented the amount of the debt that AOR was attempting to collect in a confusing manner by stating multiple, different amounts that AOR was attempting to collect. <u>Exhibit A</u>.

30. The unsophisticated consumer would be confused as to whether AOR was attempting to collect the entire $3190.30 balance or only $387.00.

31. AOR's conduct violates 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692g(a)(1).

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between October 14, 2015 and October 14, 2016, inclusive, (e) that was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

34. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692f, and 1692g.

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

6

Case 2:16-cv-01385-NJ    Filed 10/14/16    Page 6 of 7    Document 1

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 14, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com